UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE GIBSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. LEWIS, et al.,<br><br>        Defendants. | Case No. 17-cv-03995-JD<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was notified of a potential breach regarding his personal health information. A laptop computer that may have included plaintiff's health information was stolen out of a car of a prison health care worker. The computer was password protected but was not encrypted. Plaintiff seeks money damages.

Plaintiff has failed to state a cognizable claim because he has not identified a right secured by the Constitution or laws of the United States that was violated. To demonstrate a violation of the Eighth Amendment with respect to medical care, plaintiff must demonstrate that defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

To the extent plaintiff is asserting a violation of his health privacy; he is not entitled to relief. The Health Insurance Portability and Accountability Act of `1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) "provides for no private right of action." *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1080 (9th Cir. 2007); *see*, *e.g.*, *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb* and dismissing prisoner's claim under HIPAA for disclosure of his medical records). Plaintiff assertion that

2

potential release of his medical information due to theft violated his constitutionally-protected privacy rights fails to state a claim because "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton*, 610 F.3d at 534.

The complaint was dismissed with leave to amend but plaintiff has failed to set forth a federal claim in the amended complaint. Because allowing further amendment would be futile this case is dismissed with prejudice.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for failure to state a claim.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: February 8, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE GIBSON,<br>    Plaintiff,<br>v.<br>J. LEWIS, et al.,<br>    Defendants. | Case No. 17-cv-03995-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Lee Gibson ID: K-50648
San Quentin State Prison
San Quentin, CA 94974

Dated: February 8, 2018

                                        Susan Y. Soong
                                      Clerk, United States District Court

                                      By: *[signature: Lisa R. Clark]*
                                      LISA R. CLARK, Deputy Clerk to the
                                      Honorable JAMES DONATO